Ruffin, C. J.
 

 The Court, though naturally inclined to every presumption in favor of innocence, and especially of a young person, who seems to have been so well thought of while he lived, is satisfied from the proofs, that the plaintiff was much plundered by this youth ; and we have no doubt, that every cent of the money with which he paid for the land, he'had pilfered from his employer, Nevertheless, we believe the bill cannot be sustained. The object of it is to have the land itself, claiming it as if it had been purchased for the plaintiff by an agent expressly constituted; and it seems to us, thus stated, to be a bill of the first impression. We will not say, if the plaintiff had obtained judgment against the administra
 
 *96
 
 tor for the money as a debt, that he might not come here .to have the land declared liable, as a security, for the money laid out for it. But that is not the object of this suit. It is to get the land, which the plaintiff claims as his ; and, upon the same principle, would claim it, if it were worth twenty times his money, which was laid out for it. Now, we know not any precedent of such a bill. It is not at all like the cases of dealings with trust funds by trustees, executors, guardians, factors, and the like ; in which the owner of the fund may elect to take either the money or that in which it was invested. For, in all those cases, the legal title, if we may use the expression, of the fund, is in the party thus misapplying it. He has been entrusted with the whole possession of it, and that for the purpose of laying it out for the benefit of the equitable'owner ; and therefore all the benefit and profit the trustee ought, in the nature of his office, and from his relation to the
 
 cestui que trust,
 
 to account for to that person. But the case of .a servant or a shop-keeper is very different. He is not charged with the duty of investing his employer’s ‘stock, but merely to buy and sell at the counter. The possession of the goods or money is not in him, but in his master; so entirely so, that he may be convicted of stealing them, in which both a
 
 cepit
 
 and
 
 asportavit
 
 are constituents. This person was in truth guilty of a felony in possessing himself of the plaintiff’s effects, for the purpose of laying them out for his own lucre ; and that fully rebuts the idea of converting him into a trustee. If that could be done, there would be, at once, an end to punishing thefts by shop men. If, indeed, the plaintiff could actually trace the identical money taken from him, into the hands of a person who got it without paying value, no doubt he could recover it; for his title was not destroyed by the theft. But we do not see how a felon is to be turned into a trustee of property, merely by showing that he bought it with stolen money. If it were so, there would have been many a bill of the
 
 *97
 
 kind. But we believe, there never was one before ; and therefore, we cannot entertain this. But we think the facts so clearly established, and the demands of justice so strong on the defendants to surrender the land to the plaintiff, or to return him the money that was laid out in it, that we dismiss the bill without costs. •
 

 Per Curiam.
 

 Decree accordingly.